Frank P. DeLuca, J.
Defendant was arrested for and is being tried for driving while intoxicated in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law of the State of New York. A pretrial hearing was held to determine whether or not the results of the Breathalyzer test should be admitted into evidence.
On March 3,1967 the defendant was arrested at approximately 2:00 a.m. and brought to the Second Precinct in Huntington. Subsequent to the defendant’s arrest it is claimed by the police officer that .the defendant was warned of his rights under Miranda v. Arizona (384 U. S. 436). The testimony reveals that thereafter, having been given the proper warnings, he was refused in fact to be allowed to make a phone call for counsel.
The issues presented by this motion by the defendant to suppress the results of the Breathalyzer test are - whether or not prior to the administering of the test the police officer must, pursuant to the decision of the United States Supreme Court in Miranda v. Arizona (supra), advise the defendant of his right to counsel, and that if he cannot afford an attorney he may have one without cost; and whether, if defendant indicates his desire for an attorney or does not effectively waive counsel, the police officer is precluded from administering the Breathalyzer test, even though the defendant otherwise consents to it.
DECISION
In Miranda v. Arizona (384 U. S. 436) the court reiterated two basic constitutional principles: 1. That “No person * * * shall be compelled in any criminal case to be a witness against himself ’ ’; and 2. That ‘ ‘ The accused shall # * * have the Assistance of Counsel.” (U. S. Const., 5th and 6th Arndts.)
Defendant’s motion to suppress, grounded upon Miranda, involves the claim of a violation of the privilege against self incrimination as contained in the Fifth Amendment of the Constitution, and a violation of the defendant’s right to counsel as provided by the Sixth Amendment of the Constitution.
*795 In Schmerber v. California (384 U. S. 757, 761) the court said: “ We hold that the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature, and that the withdrawal of blood and use of the analysis in question in this case did not involve compulsion to these ends.”
In Schmerber (supra), when the blood test was administered by a doctor at the request of a police officer, the injured defendant motorist was under arrest, had consulted with a lawyer, and vehemently objected when a specimen of blood was extracted from his -body.
The court in Schmerber (supra) reiterated the principle that, although the officer’s direction to the physician to administer the test over the defendant’s objection did constitute compulsion, the protection of the privilege only reaches an accused’s communications, whatever form they might take, and the compulsion of responses which are also communications. The court said (p. 764): “ Both federal and state courts have usually held that it (the privilege) offers no protection against compulsion to submit to fingerprinting, photographing or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture.”
The court continued (p. 764): “ The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling ‘ communications ’ or 1 testimony ’, but that compulsion which make a suspect or accused the source of ‘ real or physical evidence ’ does not violate it.”
Subdivision 1 of section 1194 of the Vehicle and Traffic Law provides that any person who operates a motor vehicle in the State 1 ‘ shall be deemed to have given his consent to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic or drug content of his blood provided that such test is administered at the direction of a police officer having reasonable grounds to believe such person to have been driving in an intoxicated condition * * * If such person having been placed under arrest and having thereafter been requested to submit to such chemical test refuses to submit to such chemical test, the test shall not be given but the commissioner shall revoke his license ’ ’.
Defendant distinguishes the Schmerber case from the instant case on the basis that under California law the police officer had the right to take the blood sample even though defendant objected, whereas, under New York law, if the defendant chooses not to take a chemical test the “ test shall not be given.”
*796 Defendant further points out that under subdivision 4 of section 1194 the defendant is also given the right to have a physician of his own choosing to administer the chemical test.
Based upon the existence of these options, namely to consent, not to consent, ox to have his own physician administer the test, defendant urges that the warnings as to right to counsel or assignment of counsel if defendant cannot afford one, as prescribed by Miranda (384 U. S. 436, supra) must be given before the test is administered.
This court finds that the defendant’s contention, to the extent that it relates to a violation of the privilege against self incrimination (U. S. Const., 5th Arndt.) is refuted by the decision rendered in Schmerber v. California (384 U. S. 757).
However, with respect to the defendant’s contention that he has been denied his constitutional right (U. S. Const., 6th Amdt.) to the assistance of counsel, has merit.
In Schmerber defendant did not have the rights or options available to him, as did the defendant in the present case, with respect to which the assistance of counsel would be necessary. The distinction made by defendant, that in the case at bar, defendant could have consented or not consented and the test therefore not given, is a valid one, for in Schmerber there was no such right. In Schmerber, as to defendant’s claim that he had been denied his constitutional right to the assistance of counsel because the blood test had been administered over his objections because of advice of counsel, the court said (p. 766): “ Since petitioner was not entitled to assert the privilege [against self incrimination], he has no greater right because counsel erroneously advised him that he could assert it. His claim is strictly limited to the failure of the police to respect his wish, reinforced by counsel’s advice, to be left inviolate. No issue of counsel’s ability to assist petitioner in respect of any rights he did possess is presented. The limited claim thus made must be rejected.”
In the instant case there is an issue of counsel’s ability to assist the defendant with respect to his rights, namely, the right not to consent, and the right to have his own physician.
Defendant, being possessed of the statutory right to refuse to take the Breathalyzer test, had, therefore, the right to consult counsel before submitting to the test. In the absence of a waiver, a denial of his request to telephone his attorney before he took the test does in fact violate his constitutional rights with respect to the Sixth Amendment of the Constitution.
The motion to suppress the Breathalyzer test is granted.