James Warren **PHARES**, Appellant,

v.

**DEPARTMENT OF PUBLIC SAFETY,**

State of Oklahoma, Appellee.

No. 45033.

Supreme Court of Oklahoma.

March 13, 1973.

Jerome H. Blumenthal, Oklahoma City, for appellant.

Leroy J. Patton, Department of Public Safety, State of Oklahoma, Oklahoma City, for appellee.

HODGES, Justice.

Appellant (Phares) was arrested by an officer of the Oklahoma City police department upon reasonable grounds to believe that he was operating a motor vehicle upon the streets within the corporate limits of Oklahoma City, Oklahoma, while under the influence of alcohol in violation of Oklahoma City, Oklahoma Charter and Code § 21.6.27.1 (1960). Immediately after arresting Phares, the officer gave him the Miranda warning and asked him to submit to a chemical test of either his blood or breath to determine the alcoholic content of his blood. It was explained in laymen's language that a refusal to submit to the testing would result in the revocation of his driver's license.

No response to the request was given by Phares at the scene of the arrest and he was transported to the chemical test room of the city jail. There he was again requested to submit to a test and responded that "he would not take any test without the advice of his lawyer." He was advised by the arresting officer that he did have a right to counsel after the test, but that the test had to be conducted at that time because of the time element involved.

A sworn report of the arresting officer stating that he had reasonable grounds to believe Phares had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol and that he had refused to submit to a test was sent to the Oklahoma Commissioner of Public Safety. Upon its receipt the driving privilege of Phares was revoked for a period of six months in conformity with 47 O.S. 1971 § 753. Thereafter, Phares timely requested an administrative hearing where the order of revocation was affirmed. He

then appealed to the District Court as provided by 47 O.S.1971 § 755. The court sustained the order of revocation and found that Phares refusal to submit to testing without consulting counsel was a refusal to submit to the test under the implied consent law.

On appeal, Phares alleges that: (1) His refusal to submit to the chemical test until he had consulted counsel was not a refusal under the implied consent statutes. (2) The Oklahoma implied consent law is unconstitutional. (3) The implied consent law is inapplicable to violations of municipal ordinances and (4) The implied consent law is so vague, indefinite and ambiguous that it is incapable of being enforced.

■ The first two propositions urged by Phares were recently answered by this court in Robertson v. State, 501 P.2d 1099, 1103 (Okl.1972) where we held the Oklahoma Implied Consent Statutes are constitutional and fundamentally sound. The court also held that:

"The majority rule is that revocation of a motorist's license to operate a motor vehicle because of his refusal to take a chemical test to determine the alcoholic content of his blood as required by the implied consent law before consultation with counsel is not a deprivation of constitutional rights. The refusal of a motorist stopped by officer on reasonable suspicion of intoxication to submit to a chemical test until he contacts his attorney constitutes unequivocal refusal of test mandating suspension of operator's license under Implied Consent Law."

■ It is also alleged that 47 O.S.1971 § 751 provides for something other than a test of blood or breath, and therefore, a licensee should have been given other options, i. e., tests of urine, saliva, spinal fluid. He asserts that the statute is vague and ambiguous as it relates to the substance which is to be tested and as to the type of personnel who may administer the test. The statute clearly sets forth the options afforded to an arrested motorist, and are quite definite that a test of blood or breath is prescribed. The licensee's argument in regard to this assertion is unsupported and without merit.

■ As his final argument, Phares contends that 47 O.S.1971 § 756 does not apply to municipal court proceedings. This statute provides in pertinent part that:

"Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle while under the influence of alcohol or intoxicating liquor, evidence of the amount of alcohol in the person's blood as shown by a chemical analysis of his blood or breath is admissible."

The Oklahoma implied consent law does not limit its application to violations of state statutes, but clearly states that it is applicable to any proceeding. This statute is broader and more comprehensive than those adopted by some states, and is drafted so that it encompasses municipal court proceedings.

The judgment of the district court sustaining the Order of Revocation of appellant's driver's license for a period of six months is sustained.

Appellant is ordered to pay all court costs incurred in the appeal in the district court in conformity with 47 O.S.1971 § 755 and 47 O.S.1971 § 6–211(g).

All Justices concur.