**Archie HESTER, Plaintiff-Respondent,**

v.

**James R. SPRADLING, Director of Revenue, State of Missouri, Defendant-Appellant.**

**No. 9601.**

Missouri Court of Appeals,
Springfield District.

March 22, 1974.

Briney, Welborn & Spain, James E. Spain, Bloomfield, for plaintiff-respondent.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

BILLINGS, Judge.

Review by the Circuit Court of Stoddard County of appellant's revocation of respondent's operator license for one year for respondent's alleged refusal to submit to a chemical test [§ 564.441, RSMo 1969, V.A.M.S.]. A hearing on respondent's petition, as provided for by § 564.444, RSMo 1969, V.A.M.S., was conducted and the trial court found that respondent did not refuse to submit to the test and ordered appellant to reinstate respondent's license.[1] We affirm.

Following respondent's nighttime arrest in Sikeston for driving while intoxicated he was given Miranda warnings, admonished not to smoke, chew gum, drink water, or put anything in his mouth, and asked by the arresting officer if he would like to submit to a breathalyzer test. Respondent said he would like to talk to his attorney first. At the police station respondent was permitted to call his attorney at Bloomfield. The attorney advised the officer that respondent was not refusing the test and was specifically consenting to take it. The attorney told the officer he would appreciate delaying the test until he could get to the station whereupon the officer stated there was no reason for the attorney to hurry because the respondent had smoked a cigarette and that he (the officer) would not give respondent the breathalyzer test.

Immediately after the telephone call the officer again asked respondent if he would like to submit to the test and respondent said he would like to wait until his lawyer got there. Respondent's attorney arrived at the station in 20 to 25 minutes after the telephone conversation and asked the officer if respondent could take the test. The officer replied: "He's already refused by smoking."[2] The officer did not offer to administer the test and made no further request of respondent to take such test. According to the officer, the total time lapse from stopping and arresting respondent until the lawyer arrived at the station ranged from a low estimate of 38½ minutes to a higher estimate of 53½ minutes.

Appellant contends respondent refused to submit to the breathalyzer test because "Anything short of an unqualified, unequivocal assent constitutes refusal." Respondent relies on Thomas v. Schaffner, 448 S.W.2d 319 (Mo.App.1969), that there was no express or unequivocal refusal to take the test.

We have carefully read the transcript of the hearing conducted by the trial court and the briefs of the parties, together with the authorities cited therein. We conclude that the judgment of the trial court is based on findings of fact which are not clearly erroneous and that no error of law appears. An opinion would have no precedential value.

Judgment affirmed. Rule 84.16, V.A.M. R.

HOGAN, C. J., and STONE and TITUS, JJ., concur.

1. An earlier hearing in the Magistrate Court resulted in the same determination and appellant appealed to the Circuit Court.

2. The officer opined that smoking, chewing gum, drinking water, or putting anything in the mouth constituted an "automatic refusal" to take the breathalyzer test. Further, that there was a 15 minute time limit after a person arrived at the station for administering the test.