**STATE of Missouri, Plaintiff-Respondent,**

v.

**Lawrence C. YOUNG,
Defendant-Appellant.**

**No. KCD26997.**

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Kenneth O. McCutcheon, Jr., Woolsey & Yarger, Versailles, for defendant-appellant.

William H. Bolinger, Pros. Atty., Morgan County, Versailles, for plaintiff-respondent.

Before WASSERSTROM, P. J., and SHANGLER, and DIXON, JJ.

DIXON, Judge.

The defendant-appellant was convicted of driving a motor vehicle while intoxicated, first offense, a misdemeanor under Section 564.440 RSMo 1969, V.A.M.S. The case was tried to a jury and the dispositive issue raised by the appellant is the admissibility in evidence of a chemical analysis of the appellant's breath by means of a breathalyzer machine. The State has not favored this court with a brief, nor have the exhibits introduced by the State at trial been filed in this court.

The thrust of appellant's argument as to inadmissibility of the breathalyzer test is that the State's foundation evidence conclusively demonstrated that the machine was inaccurate.

In the course of attempting to lay a foundation for the admission of the breathalyzer test, the State called Dr. Elmer Spurrier, Director of the laboratory for the State Division of Health. He testified as an expert for the State that the air chamber of a breathalyzer machine is supposed to hold 52.5 milliliters of air; and he further testified that if the air chamber of the breathalyzer machine contained more air than it is calibrated to test, it would indicate a higher reading of alcohol in the blood than was actually there. The extent of such variation was not developed, but the state patrolman who checked the machine before and after its use to test the breath of this defendant testified that the air chamber contained 56.5 milliliters of air. Conclusively from the State's evidence, it appears that the reading of the breathalyzer machine which was submitted to the jury

was inaccurate. The extent of such inaccuracy is not apparent upon the record. Absent some evidence from the State that the extent of such variance would not have affected the reliability of the tests, the result of the test should not have been admitted in evidence. The burden is upon the State to prove the accuracy and reliability of the test, and failure to carry that burden makes inadmissible the result of the test. *State v. Deimeke,* 500 S.W.2d 257, 259 (Mo. App.1973).

The judgment of conviction is reversed, and the cause is remanded for a new trial.

All concur.