**James R. SPRADLING, Director of Revenue, Respondent,**

v.

**Joseph F. DEIMEKE, Appellant.**

No. 58782.

Supreme Court of Missouri, Division No. 1.

Sept. 8, 1975.

Motion for Rehearing or Transfer to Court En Banc Denied Oct. 13, 1975.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

Jerome W. Seigfreid and Louis J. Leonatti, Edwards, Seigfreid, Runge & Hodge, Inc., Mexico, for appellant.

BARDGETT, Judge.

This is an appeal by Joseph F. Deimeke from an order of the circuit court denying his application for reinstatement of his Missouri automobile driver's permit. The case involves the questions of (1) whether a person who has been arrested for driving while intoxicated and requested to take ·a breathalyzer test pursuant to § 564.441, RSMo 1969, has a right to have counsel present at the time the test is given under Amendments VI and XIV, U.S. Constitution; (2) whether the request of appellant to have counsel present before he took the breathalyzer test constituted a refusal under § 564.-444 because the Miranda warnings, as read to appellant, arguably indicated that he may have such a right; (3) whether, in this case, the failure of appellant to submit to the test constituted a refusal to take the test under § 564.444; and (4) whether § 564.444 violates the due process clause of Amendment XIV to the United States Constitution for vagueness as to what constitutes a "refusal" under § 564.444.

Appellant asserts the following grounds as the basis for jurisdiction of this appeal in this court: (a) a state officer is a party (the director of revenue); (b) the case involves the construction of a revenue law (§ 564.-444); (c) the case involves the question of whether § 564.444 is void for vagueness because of a lack of statutory standards as to what constitutes a refusal in violation of the due process clauses of the 1945 Missouri Constitution and the United States Constitution, Amendment XIV; (d) the case involves the question of whether a person who is arrested for driving while intoxicated has the constitutional right to the presence of an attorney while the breathalyzer test is performed; and (e) that the reading of the "Miranda" warnings to appellant by a state highway patrolman, which allegedly was understood by appellant to include the right to have counsel present at the breathalyzer test, entitled appellant to condition his consent to the test upon the presence of counsel under the United States Constitution, Amendments V, VI, and XIV.

■ As to ground (a), this appeal was taken after January 1, 1972, the effective

date of the amendment to Art. V, § 3, Mo.Const.1945, and the fact that a state officer is a party does not vest original appellate jurisdiction in this court. Additionally, even prior to that amendment, this court did not have original appellate jurisdiction in cases where the state officer was not a participating or contesting litigant but merely a passive participant. *Thomas v. Schaffner*, 448 S.W.2d 319 (Mo.App.1969); *In re Spencer*, 439 S.W.2d 8 (Mo.App.1969).

▪ As to ground (b), § 564.444 is not a revenue law of this state. See Laws of Mo.1965, pp. 670–672, for the title to and the provisions of this act.

▪ The court accepts jurisdiction under grounds (c), (d), and (e), as, in toto, they involve the construction of the U.S. Constitution and Art. V, § 3, Mo.Const.1945, as amended.

On March 30, 1974, at about 1:45 a. m., trooper Hedrick of the Missouri Highway Patrol observed appellant driving at an excessive rate of speed on Highway 54 in Audrain County near Auxvasse, Missouri, and stopped him. Appellant got out of the car. Trooper Hedrick testified he saw him staggering very badly and he smelled alcohol. Hedrick placed him under arrest for driving while intoxicated and requested appellant to submit to a breathalyzer test informing him that if he refused the test his driver's license might be revoked for one year. No issues are raised concerning the arrest or whether the officer had reasonable grounds to believe appellant was intoxicated.

Appellant said he would take the test so the trooper took him to a weight station in Kingdom City where trooper Baker met them in order to give appellant the test. Hedrick advised appellant of his rights by reading from a form. Trooper Baker was called to the scene of an automobile accident and therefore could not administer the test, so trooper Hedrick took appellant to the Fulton, Missouri, police station in order that there would be another witness to the test. Hedrick and appellant had been in Kingdom City about ten minutes and they arrived in Fulton about 2:25 or 2:30 a. m.

Hedrick gave appellant the Miranda rights form to read while the breathalyzer machine was warming up. After appellant read the form, he stated to Hedrick that "the way it reads here that I have the right to have my lawyer present" and asked to call his lawyer. Appellant phoned his lawyer, Mr. Seigfreid, in Mexico, Missouri, and asked Mr. Seigfreid for advice as to whether or not to take the test.

Appellant testified he called his lawyer when he was told that if he refused to take the test he could lose his license. He said that he told his lawyer to come over to the police station and that Mr. Seigfreid agreed to do so.

Attorney Seigfreid heard the trooper in the background say he was not going to wait for Mr. Seigfreid to come to the station, and then trooper Hedrick conversed with Seigfreid on the phone. Seigfreid said he would come right down to the station and Hedrick said the test was going to be given "right now". It would have taken attorney Seigfreid 35–40 minutes to get there but he thought he could get a local attorney in Fulton there within ten minutes.

Mr. Seigfreid testified he asked the trooper why the Miranda warnings were read to appellant that said he had a right to have counsel present, and the trooper replied that had nothing to do with it. Appellant again spoke with Mr. Seigfreid on the phone. Mr. Seigfreid said that in view of appellant's past experience with the breathalyzer test (see *State v. Deimeke*, 500 S.W.2d 257 (Mo.App.1973)), he should not take the test unless either he (Seigfreid) or a local attorney was present. By this time about one hour had elapsed since appellant was arrested.

After the phone conversation was over, and according to trooper Hedrick, appellant stated to Hedrick that his lawyer advised him not to take the test and he wasn't

going to take it. According to appellant, he stated to the trooper that he was not going to take the test without an attorney present. The trooper wrote the matter up as a refusal and subsequently appellant's driver's license was revoked for one year by the director of revenue pursuant to § 564.-444.

Appellant filed his petition for hearing pursuant to § 564.444. The matter was heard in circuit court and the court found as a fact, inter alia, that appellant "refused" to take the breathalyzer test.

Appellant contends § 564.444 violates the due process clause of the United States Constitution, Amendment XIV, in that the statute in question contains no procedural safeguards, criteria, or standards for determining what constitutes a "refusal" to take the breathalyzer test.

The basis for appellant's contention is that he did not refuse to take the test but rather requested the presence of counsel before he took the test. In other words, appellant's position is that he has the right to condition his consent to take the test upon his counsel being present during the administration of the test.

■ In order that the two concepts will not be confused, we think it advisable to note the following. A person arrested and held in custody has the right to consult with counsel or other persons in his behalf. Sec. 544.170, RSMo 1969, Rules 37.89 and 21.14; *Gooch v. Spradling*, 523 S.W.2d 861 (Mo. App.K.C.Dist.1975). This right does not depend upon the type of offense for which the party is arrested and applies to arrests for driving while intoxicated. Nor is it suspended pending the giving of a breathalyzer test. *Gooch v. Spradling, supra.*

■ In the instant case, appellant was afforded and exercised his right to call his lawyer and did consult with him on the phone. If his lawyer had come to the police station, appellant would have had the right to consult with him in person. Moreover, the arrested person has the right, if his lawyer appears before or during any such tests, to have him present while the test is being administered. This right in Missouri is afforded by § 544.170 and Rules 37.89 and 21.14.

Appellant's contention in this case is that he had a right to the *presence* of counsel and, therefore, had a right to condition his consent upon counsel being present at the test. Appellant says he didn't really refuse the test but rather consented to the taking of it if his attorney was present.

Further, appellant here premises his constitutional attack on the Sixth and Fourteenth Amendments, United States Constitution, contending that under those right-to-counsel provisions he is entitled to have an attorney present at the administration of a breathalyzer test. Consequently, he contends that his failure to take the test in the absence of an attorney could not constitutionally constitute a "refusal" upon which his license could be revoked for a year.

In *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), Schmerber was convicted of driving while intoxicated. The evidence of intoxication was obtained by taking a blood sample from Schmerber's body, over Schmerber's objection, which, upon chemical analysis being made, revealed a percentage of alcohol in his blood indicating intoxication. The report of this analysis was admitted at trial. Schmerber had refused to submit to the blood test on advice of counsel. While confined in a hospital for treatment of injuries received in the automobile accident, a police officer, over Schmerber's objection, ordered a physician to withdraw blood and the physician complied with the order.

A number of constitutional contentions were made by Schmerber in the United States Supreme Court, among which was that he had been denied his right to assistance of counsel under the Sixth Amendment. The court first held that his Fifth Amendment right against self-incrimination did not apply to a blood test of this sort because a blood analysis does not involve

obtaining testimony from the person. Then the court held that his Sixth Amendment rights were not violated stating: "Since petitioner was not entitled to assert the privilege [5th Amendment], he has no greater right because counsel erroneously advised him that he could assert it." 384 U.S. at 766, 86 S.Ct. at 1833. The court rejected Schmerber's Sixth Amendment claim of right to counsel.

*Schmerber* is close to the factual situation presented in the instant case but has some variances. It is similar in that both Schmerber and appellant did consult with their attorneys prior to the tests being performed. Schmerber's point was that the right to counsel means that he had a right to rely upon advice of counsel and, therefore, his refusal to undergo a blood test should have been respected. Of course, a blood test can be physically performed, as in *Schmerber*, without requiring any affirmative action on the part of the person. The doctor simply withdraws a blood sample. However, a breathalyzer test, so far as we know, cannot be performed unless the person does the affirmative act of blowing into the mechanism. This is what the appellant here failed to do and, therefore, no test was accomplished.

Of course, it must be immediately recognized that if a person is entitled to have someone else of their choosing present as a condition to performing the breathalyzer test, then the test is readily avoidable. The person who has been requested to be present may not come or he may delay arrival until a time when the alcohol has been dissipated. The practical result would simply be a readily available technique to circumvent the implied consent law. Secs. 564.441–564.444, RSMo 1969.

In the following cases the courts have held that a person does not have a *constitutional* right to consult an attorney prior to deciding whether or not to submit to a breathalyzer test. *Phares v. Dept. of Public Safety*, 507 P.2d 1225 (Okl.1973); *Robertson v. State*, 501 P.2d 1099, 1103 (Okl. 1972); *Coleman v. Commonwealth*, 212 Va.

684, 187 S.E.2d 172 (1972); *Commonwealth Dept. of Transportation v. Cannon*, 4 Pa. Cmwlth. 119, 286 A.2d 24 (1972); *Wiseman v. Sullivan*, 190 Neb. 724, 211 N.W.2d 906 (1973); *State v. Pandoli*, 109 N.J.Super. 1, 262 A.2d 41 (1970); *Blow v. Commissioner of Motor Vehicles*, 83 S.D. 628, 164 N.W.2d 351 (1969); *State v. Dellveneri*, 128 Vt. 85, 258 A.2d 834 (1969); *Calvert v. State Dept. of Rev. Motor Vehicle Dept.*, 519 P.2d 341 (Colo.Banc 1974).

In *Troy v. Curry*, 36 Ohio Misc. 144, 303 N.E.2d 925 (Athens Co.Mun.Ct.Ohio 1973), and *People of State of N. Y. v. Sweeney*, 55 Misc.2d 793, 286 N.Y.S.2d 506 (Suffolk Co. Dist.Ct.N.Y.1968), it was held that a person did have a constitutional right to consult an attorney before submitting to the alcohol test.

■ Neither the request to take a breathalyzer test nor the administration of the test involves interrogation of the arrested person. It simply calls for an affirmative or negative response, neither of which is incriminating in any respect. The court has considered the above-decided cases and holds that an arrested person does not have a *constitutional* right to consult with an attorney prior to deciding whether or not to submit to a breathalyzer test and does not have a constitutional or statutory right to have an attorney present at such test nor to condition his consent to take the test on an attorney being present. This is in accordance with the reasoning of *Schmerber v. California, supra*, and the great majority of decided cases.

■ The court reiterates, however, that under the statutes of this state and the rules of this court an arrested person does have the right to consult with counsel or others in his behalf, and the arresting authorities do not have the right to prevent him from doing so. *Gooch v. Spradling, supra.*

In this case the officers were still offering to give the breathalyzer test one hour after arrest. This fact, as well as the facts

of other cases involving breathalyzer tests, supports the belief that the test has validity even though not administered within a few minutes after arrest. See *Hester v. Spradling*, 508 S.W.2d 194 (Mo.App.1974); *Thomas v. Schaffner*, 448 S.W.2d 319 (Mo. App.1969); *Gooch v. Spradling, supra.*

The court makes the foregoing observations in order to show that giving persons a reasonable time to exercise their rights to consult with an attorney or someone in their behalf will not undermine the purpose of § 564.441 et seq., nor affect the validity of the test results.

■ In the instant case, the appellant was afforded a reasonable time to contact his attorney and had the benefit of his lawyer's advice as to whether or not he should take the test. Thus, the appellant's right to consult counsel or someone in his behalf was not violated in any respect.

■ Whether appellant's statements to the officer that his lawyer advised him not to take the test and, therefore, he was not going to take it, or that he would not take the test without an attorney present, are of no significance, as both statements lead to the same result—a refusal. This is so because he was not entitled to delay the test until his attorney arrived nor to condition his taking the test on the presence of an attorney.

Appellant also contends his failure to take the test did not constitute a refusal because the officer read or gave him the "Miranda" warnings which included a statement that he had a right to have an attorney present. Therefore, appellant contends he was asserting a right the officer told him he had and his reliance upon the officer's advice should not be considered a "refusal" with the consequent one-year's loss of his driver's license.

In support of his position, appellant relies upon *Rees v. Dept. of Motor Vehicles*, 8 Cal.App.3d 746, 87 Cal.Rptr. 456 (1970); *Dept. of Highways v. Berkey*, 291 Minn. 483, 192 N.W.2d 441 (1971); *Wiseman v.* *Sullivan, supra* ; and *Calvert v. State Dept. of Rev. Motor Vehicle Dept., supra.* In the cited cases, the arrested person was told by the officer that he had a right to consult with counsel or a right to have counsel present as part of the "Miranda" warnings. In these cases the courts held that confusion in the mind of the arrested person occurred as a result of believing the right to consult with or have counsel present applied to intoxication tests under the implied consent laws and this confusion was caused by the language of the warnings.

The facts of the cases cited supra demonstrated confusion on the part of the arrestee as a result of which he honestly believed he had the right to consult with counsel prior to submitting to the breathalyzer test. In these cases the arrestee's belief was caused by the officer's statements to him.

In the instant case, the record does not show that appellant was laboring under a belief, induced by the officer's statements to him, that he could condition consent to the test upon presence of counsel. Appellant testified that it was mentioned that if he did not take the test his license could be revoked for one year. Appellant's attorney testified the officer told him that he (officer) would not wait for an attorney to arrive but that the test would be given then or written up as a refusal. Further, the appellant's attorney testified that there was no doubt in his mind that everybody was aware that appellant's license would be revoked if he did not take the test. During the phone conversation between the officer and appellant's attorney, the attorney asked the officer why he had read the Miranda warnings to appellant which included the right to have a lawyer present. The officer informed appellant's attorney that that had nothing to do with it (the breathalyzer test). The record further reflects that the desire to have an attorney present was motivated by an unsatisfactory experience appellant had with a breathalyzer test sometime prior to the instant matter (see *State v. Deimeke, supra* ) and not because of the officer's statement of rights to appellant.

In *State of Washington, Dept. of Motor Vehicles v. Riba*, 10 Wash.App. 857, 520 P.2d 942 (1974), the court recognized that honest confusion could occur as a result of a reading of Miranda warnings and implied consent warnings to an arrestee, and that where confusion appears, the officer must clarify the situation before a valid refusal to submit to the test can occur. The court quoting from *Strand v. Dept. of Motor Vehicles*, 8 Wash.App. 877, 509 P.2d 999 (1973), said at 520 P.2d at 945:

"A driver who is advised of his rights under the implied consent law but declines to take a breathalyzer test is deemed to have 'refused' the test so as to require revocation of his license unless he *objectively and unequivocally* manifested that he did not understand his rights and the warning concerning the consequences of refusal and was denied clarification. *A lack of understanding not made apparent to the officer is of no consequence.*"

■■■■ This court adopts the foregoing as the rule in Missouri. In the instant case there was no confusion resulting from the officer's statement of rights to appellant which persisted and thereafter constituted the basis for appellant's conditioning his consent upon counsel being present. At least it was not unequivocally and objectively manifested to the officer by the appellant. Indeed, when the subject came up in the officer's phone conversation with appellant's attorney, the officer told him that the right to presence of counsel did not apply to the breathalyzer test. The officer was correct and the attorney was incorrect. The point is overruled.

Appellant contends that § 564.444, RSMo 1969, violates the "Due Process" clause of the U.S. Constitution, Amendment XIV, in that there are no procedural safeguards, criteria, or standards for determining what constitutes a "refusal".

■■■ There is no mysterious meaning to the word "refusal". In the context of the implied consent law, it simply means that an arrestee, after having been requested to take the breathalyzer test, declines to do so of his own volition. Whether the declination is accomplished by verbally saying, "I refuse", or by remaining silent and just not breathing or blowing into the machine, or by vocalizing some sort of qualified or conditional consent or refusal, does not make any difference. The volitional failure to do what is necessary in order that the test can be performed is a refusal.

■■■ Of course, an officer's request must comply with § 564.444, RSMo 1969, in order for the refusal to constitute a valid basis for the one-year revocation of an operator's license.

Neither the legislature nor any other official body could anticipate all of the events which occur or words which would be spoken in connection with requesting one to take the breathalyzer test. The law provides for limited judicial review of the revocation order at the instance of the party revoked and in that review a court decides, under the evidence, whether or not the request was properly made and if the failure to take or administer the test was the result of a refusal to do so by the arrestee or due to arbitrary or unreasonable conduct on the part of the officer. See *Thomas v. Schaffner, supra; Hester v. Spradling, supra*; and *Gooch v. Spradling, supra.*

Section 564.444, RSMo 1969, is clear as to what it requires and is not violative of the due process clause of the United States Constitution, Amendment XIV. The point is overruled.

The judgment is affirmed.

All of the Judges concur.

HOLMAN, P. J., and SEILER, C. J., concur. DONNELLY, J., not a member of division when cause was submitted.