Juan L. SMITH, Appellant,

v.

James R. SPRADLING, Director, Department of Revenue, and Lee Virt H. Williams Supervisor, Bureau of Driver's License, Respondent.

No. 27282.

Missouri Court of Appeals, Kansas City District.

March 1, 1976.

Motion for Rehearing and/or Transfer Denied March 29, 1976.

Application to Transfer Denied June 14, 1976.

Ralph W. Blinston, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Richard L. Wieler, Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from judgment affirming revocation of license to operate a motor vehicle because of refusal to submit to a chemical

test. § 564.444, RSMo 1969. The questions are: (1) whether Section 564.444 is vague with respect to the warning to be given the motorist by the arresting officer; (2) whether Section 564.444 is an improper and vague delegation of the power of revocation to the director of revenue; (3) whether the arresting officer had reasonable grounds to believe defendant was driving a motor vehicle while in an intoxicated condition. Affirmed.

Section 564.444, supra, provides:

"1. If a person under arrest refuses upon the request of the arresting officer to submit to a chemical test, which request shall include the reasons of the officer for requesting the person to submit to a test and which also shall inform the person that his license may be revoked upon his refusal to take the test, then none shall be given. In this event, the arresting officer, if he so believes, shall make a sworn report to the director of revenue that he has reasonable grounds to believe that the arrested person was driving a motor vehicle upon the public highways of this state while in an intoxicated condition and that, on his request, refused to submit to the test. Upon receipt of the officer's report, the director shall revoke the license of the person refusing to take the test for a period of not more than one year; * *

"2. If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record * * *. At the hearing the judge shall determine only:

"(1) Whether or not the person was arrested;

"(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and,

"(3) Whether or not the person refused to submit to the test."

Appellant contends (I) that Section 564.444 is unconstitutionally vague, contra-

dictory and misleading, asserting "that a driver's license 'may' be revoked upon his refusal to take the chemical test; and * * that upon such refusal the director of revenue 'shall' revoke the license. Thus the statute requires revocation as a mandatory consequence of refusal to take the chemical test but requires a warning only indicating that there is a possibility of a revocation upon such refusal." He says that he was thus misled, and that he would have submitted to the test had he known that the statute provided for a mandatory revocation.

A fair reading of the statute shows, contrary to appellant's contention, that the statute does not say that a motorist's refusal to submit to a chemical test upon the arresting officer's request causes an automatic revocation of license.

Whether the statute is vague and deceives a motorist to think there is only a possibility his license will be revoked by its requirement that the officer inform the motorist that refusal to take the test may result in revocation, was settled in *Jones v. Schaffner*, 509 S.W.2d 72, 80[9] (Mo.1974): " * * * the refusal of a motorist to submit to a chemical test upon request of the arresting officer does not amount to an automatic loss of license. Revocation occurs only if the arresting officer believes the motorist was driving while in an intoxicated condition, that upon his request the motorist refused to submit to a test, and the officer subsequently so swears in a report filed with the Director. At the time of arrest and warning, the officer is not under compulsion to file the statement. The warning required, and here given, is sufficient to insure that the motorist is aware of the chemical test and the possible consequences of his refusal to submit to it." See also *Blydenburg v. David*, 413 S.W.2d 284, 289[6] (Mo.banc 1967); and see *Commonwealth, Dept. of Pub. Safety v. Tuemler*, 526 S.W.2d 305 (Ky.App.1975), that officer's warning to motorist that if he failed to take a breathalyzer test the chances were that he would lose his driver's license, substan-

tially apprised motorist of consequences of refusing to take the test, despite contention that officer should have pointed out that revocation by Department of Public Safety was "automatic."

■ Appellant contends (II) and in his Reply that Section 564.444 is unconstitutional, asserting "it provides that a license revocation shall be 'for a period of not more than one year' which * * * obviously permits of a maximum revocation of one year or of a revocation of any shorter period * * *; it establishes no rules or criteria for the director * * * in setting the duration of revocation; and * * * it establishes a right to a hearing before a court * * * but * * * limits said court to determining three items of fact only and so deprives the court of judicial discretion to rule on the director['s] * * exercise of judicial discretion in setting the duration of revocation within the maximum provided * * *."

This contention was also raised and settled adversely to appellant in *Jones v. Schaffner*, supra, 509 S.W.2d l.c. 80[8], and in the concurring opinion, l.c. 81: "Respondent takes the position that the statute *requires* an automatic one year revocation. This contention finds support in *Bolling v. Schaffner*, 488 S.W.2d 212, 217 (Mo.App. 1972) which says that one of the purposes of Sec. 564.444, RSMo, is 'to punish those guilty of the offense of driving while intoxicated by revoking such offender's license and privilege to operate motor vehicles upon the highways of Missouri for a period of one year.' Under this view the decision to revoke for one year is made by the statute and is not left in the director's hands * * *." See also *Blydenburg v. David*, supra, 413 S.W.2d l.c. 290[7], quoted in *Jones v. Schaffner*, supra, l.c. 78.

■ Appellant contends (III) and in his Reply that the court erred in its finding of fact required by Section 564.444, subd. 2(2), asserting that the arresting officer did not have reasonable grounds to believe that he was driving a motor vehicle while in an intoxicated condition.

The arresting officer first saw defendant between 3:30 and 3:45 a. m., February 24, 1974, an icy night, when he answered a prowler call at 5620 Northern, Raytown, Missouri, and found defendant inside the garage pounding on the door; a window had been broken. Defendant had been a guest in the house and had been drinking. The officer left when the lady of the house was satisfied that defendant would leave without a formal complaint and arrest. Defendant "walked slow and casual, nonchalant, like he didn't have a care in the world." About five minutes later the officer observed a vehicle going north on Northern, turning east on 53rd Street. The officer followed, noticed that the vehicle was exceeding the speed limit, observed it disobey a stop sign at 53rd and Sterling, drive in front of a salt truck which stopped to avoid a collision, and stopped it by use of his red lights. Defendant was the driver and, as he emerged from his car, he staggered and leaned against the car. The smell of alcohol was on his breath, his eyes were red and watery, his speech was slurred and slow, and his balance was swaying. He was arrested for running a stop sign and for driving while under the influence of alcohol. The officer had over five years' experience and was of the opinion that defendant was under the influence of alcohol. The foregoing evidence is sufficient to support a finding that the arresting officer had reasonable grounds to believe that defendant was driving a motor vehicle in an intoxicated condition. *State v. Kramme*, 491 S.W.2d 24 (Mo.App.1973).

Judgment affirmed.

All concur.