**In the Matter of Driver's License of George Robert PURVIS, Petitioner-Appellant.**

**No. 10869.**

Missouri Court of Appeals, Southern District.

Oct. 9, 1979.

Motion for Rehearing or to Transfer Denied Dec. 6, 1979.

Application to Transfer Denied Jan. 15, 1980.

Ivella McWhorter Elsey, Springfield, for petitioner-appellant.

John Ashcroft, Atty. Gen., Richard Wieler, Paul R. Otto, Asst. Attys. Gen., Jefferson City, for respondent.

ROBERT LEE CAMPBELL, Special Judge.

Appellant's driver's license was revoked by the Director of Revenue for a period of one year for refusal of appellant to submit to a breathalyzer test following his arrest for driving while intoxicated. The trial court affirmed the revocation, holding that

the officer had reasonable grounds to believe that appellant operated a motor vehicle while in an intoxicated condition and that appellant refused to submit to the test. We likewise affirm.

On May 6, 1977, appellant's automobile collided with the rear of another vehicle on South Campbell Street in Springfield, Missouri. Appellant's walk was not steady; he was leaning on one of the vehicles involved in the accident; his eyes were red and watery; he had an odor of intoxicants; his speech was peculiar or unusual, and he would repeat himself.

From a mobile phone in his automobile, appellant telephoned his attorney. An attorney from the firm was sent to the scene of the accident, and while there, left the scene of the accident with appellant to go to a restroom at a service station. At the police station appellant was permitted to have further discussion with his attorney in a conference room. The attorney's request to confer with appellant in the conference room with the door closed was refused. Appellant refused to take the breathalyzer test unless he could confer with his attorney in the conference room with the door closed.

◼ Appellant contends that the evidence failed to establish that appellant refused to submit to the breathalyzer test since his failure to submit to the test was equivocal and the result of unreasonable conduct of the police officers, that no valid and proper request was made of him to submit to the test, and that the evidence failed to establish that the arresting officer had reasonable grounds to believe that appellant was driving a motor vehicle while in an intoxicated condition.

The smell of alcohol on appellant's breath, his unsteady walk, his unusual or peculiar speech, the fact that his eyes were red and watery, and the fact that he had rear-ended another vehicle established reasonable grounds for the arresting officer to believe that appellant was driving a motor vehicle while in an intoxicated condition. *Gooch v. Spradling*, 523 S.W.2d 861 (Mo. App.1975).

◼ In *Spradling v. Deimeke*, 528 S.W.2d 759 (Mo.1975), the supreme court held that an arrested person does not have a right to have an attorney present prior to taking a breathalyzer test. The court did hold that the arrested person has the "right to consult with counsel or others in his behalf, and the arresting authorities do not have the right to prevent him from doing so." Appellant contends that he did not unequivocally refuse to submit to the breathalyzer test, that he only refused to submit to the test until after he had an opportunity for consultation with his attorney in the conference room with the door closed. He contends that the refusal of the officers to permit such conference was improper.

Appellant is correct in his assertion that there must be an unequivocal refusal to take the test. *Dain v. Spradling*, 534 S.W.2d 813 (Mo.App.1976). Appellant had ample opportunity to confer with his attorney by telephone, on the trip to the restroom, and at the police station. His refusal to take the test in these circumstances constituted an unequivocal refusal under the law. Section 564.444 RSMo 1969. We also note that the testing officer testified that appellant unequivocally refused to take the test.

◼ Appellant also argues that we should re-examine *In re Green*, 511 S.W.2d 129 (Mo.App.1974) and hold that no proper request was made of appellant to take the test. A proper request was made. The trial judge was correct.

We find no error. The judgment is affirmed.

FLANIGAN, C. J., TITUS, J., and BARKER and HENRY, Special Judges, concur.