Robert M. CURRY, Appellant,

v.

Gerald GOLDBERG, Director, Department of Revenue, State of Missouri, Respondent.

No. WD 31582.

Missouri Court of Appeals, Western District.

March 30, 1981.

Andrew J. Gelbach, Warrensburg, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Robert M. Curry appeals from an order of the Circuit Court of Johnson County denying his petition to set aside a revocation of his driver's license for refusal to submit to a breathalyzer test under Section 577.050, RSMo 1978 (formerly 564.444, RSMo 1969).

The issues raised by Curry on appeal are threefold: (1) whether he refused to submit to the test; (2) whether he was given a reasonable time to make an informed decision regarding consent or refusal to submit to the test; and (3) whether the arresting officer had reasonable grounds to believe he was driving a motor vehicle in an intoxicated condition. Appellate review of these issues is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976); *Hays v. Goldberg*, 588 S.W.2d 145 (Mo.App.1979); and *Duncan v. Safety Res. Unit, Dept. of Rev.*, 550 S.W.2d 619 (Mo.App.1977).

Curry, after receiving the information mandated by Section 577.050, *supra*, refused to submit to a breathalyzer test until he got "a court appointed lawyer". Curry implied that he would submit to the breathalyzer test after a lawyer was appointed to represent him. The arresting officer advised Curry that he had no authority to appoint a lawyer for him but a telephone was available for his use to call a lawyer or anyone else with whom he wished to consult. Curry declined to use the telephone. Curry was requested twice thereafter to submit to a breathalyzer test but continued to refuse to do so until he got a "court appointed lawyer". No further requests were made and the arresting officer then officially noted that Curry refused to submit to a breathalyzer test.

Notwithstanding Curry's right as an arrested person to consult with counsel, which was honored by offering him the use of the telephone, he had no right to consult with counsel before deciding whether or not to submit to the breathalyzer test, or to have counsel present while taking the breathalyzer test, or to condition his consent to take the breathalyzer test on counsel being present. *Spradling v. Deimeke*, 528 S.W.2d 759, 764 (Mo.1975). Concomitantly, a qualified or conditional consent to take a breathalyzer test is tantamount to a refusal. *Spradling v. Deimeke, supra*, 528 S.W.2d at 766. In view of the evidence, the trial court was eminently justified in finding that Curry refused to take the breathalyzer test.

Curry contends that he was not offered a reasonable time to make an informed decision as to whether he should consent or refuse to take the breathalyzer test because the arresting officer officially noted that he refused to take the breathalyzer test after approximately nineteen minutes time had elapsed. Curry cites *Spradling v. Deimeke, supra, Lowery v. Spradling*, 554 S.W.2d 555 (Mo.App.1977), and *Hester v. Spradling*, 508 S.W.2d 194 (Mo.App.1974), to support his position. They are factually inapposite, and none profess to establish a per se rule as to how much time a person in Curry's status has to decide whether to consent or refuse to take a breathalyzer test. At most, they hold that an arresting officer's declaration of a refusal may be premature and arbitrary if he knows that an arrestee's attorney or another person he wishes to consult with is due to arrive at the test site within a reasonable time. They deal with time in the context of whether the viability of a breathalyzer test would be adversely affect-

ed by reasonably delaying its administration until such person arrived. No such consideration is involved in this case as Curry adamantly and persistently refused to take the breathalyzer test until he got "a court appointed lawyer". Under these facts, the arresting officer properly concluded that further delay would be an exercise in futility as he lacked authority to appoint an attorney to represent Curry. When the evidence is realistically viewed, Curry made a decision which, by reason of the attached condition, was tantamount to a refusal to take the breathalyzer test. *Spradling v. Deimeke, supra.* Not one iota of evidence suggests that Curry intended to retreat from this hard position. His complaint that the nineteen minute lapse of time was insufficient to permit him to make an informed decision is at war with the facts and is a thinly disguised effort to inject a false issue into the case.

■ Regarding the third and final issue, substantial evidence existed from which the trial court could find that the arresting officer had reasonable grounds to believe that Curry was driving a motor vehicle while in an intoxicated condition. More specifically, evidence was adduced that the arresting officer observed Curry make a right hand turn without signalling—a violation of Section 304.019, RSMo 1978. The arresting officer, after stopping Curry, observed an open bottle of whisky in the car, and further observed that Curry's reactions were slow, his movements were unsteady, his eyes were bloodshot, his speech was slurred, and his breath emitted an alcoholic odor. These objective symptoms were adequate to give the arresting officer reasonable grounds to believe that Curry was driving a motor vehicle while intoxicated. *Matter of Purvis,* 591 S.W.2d 29, 30 (Mo.App. 1979); *Tolen v. Missouri Dept. of Revenue,* 564 S.W.2d 601, 602 (Mo.App.1978); and *Stenzel v. State Depart. of Revenue,* 536 S.W.2d 163 (Mo.App.1976). The fact that these objective symptoms were not observed until Curry was stopped for a traffic violation is inconsequential. *Spradling v. Deimeke, supra; Smith v. Spradling,* 536 S.W.2d 776 (Mo.App.1976); and *Gooch v. Spradling,* 523 S.W.2d 861 (Mo.App.1975).

All things considered, the judgment of the trial court was supported by substantial evidence, was not against the weight of the evidence, and did not erroneously declare or apply the law.

Judgment affirmed.

All concur.