SOUTHWESTERN BELL TELEPHONE COMPANY, Plaintiff-Respondent,

v.

Bob BATTEN, Defendant-Appellant.

No. 13715.

Missouri Court of Appeals, Southern District, Division Three.

March 22, 1985.

Dale E. Nunnery, Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for plaintiff-respondent.

Mark A. Kennedy, Mark A. Kennedy & Associates, Poplar Bluff, for defendant-appellant.

PREWITT, Chief Judge.

Plaintiff's petition sought damages in two counts, alleging that on the same day defendant negligently severed plaintiff's underground cable twice, twenty-one feet apart. Following nonjury trial, the trial court entered judgment in plaintiff's favor for the amounts sought, $137.80 on Count I, and $421.05 on Count II. No findings of fact were requested or made. Defendant appeals.

Defendant's first three points are directed at the portion of the judgment entered on Count I. These points with citations omitted are set out below.* Each of these points is premised on defendant's contention that he gave notice to plaintiff that he was going to begin an excavation as provided in § 319.025, RSMo 1978. That section is a part of the "Underground Facility Safety and Damage Prevention Act". §§ 319.010—319.050, RSMo 1978.

Whether defendant gave the notice was a matter in dispute. Plaintiff presented evidence indicating that he had not done so. The trial court could have found that notification was not given, and we must presume that it so found. In our review we are to consider the fact issues on which no findings are made as having been found in accordance with the result reached, Rule 73.01(a)(2), and to give due regard to the opportunity of the trial judge to determine the credibility of witnesses. Rule 73.-01(c)(2); *Dambach v. James*, 587 S.W.2d 640, 643 (Mo.App.1979); *Rollins v. Schwyhart*, 587 S.W.2d 364, 367–368 (Mo.App. 1979). Considering that the notice required by § 319.025 was not given, these three points must be denied.

Defendant has two points directed at the court's findings on Count II. His first point contends that the trial court erred in finding that he was negligent. This contention is answered by § 319.040, RSMo 1978, if we consider, as we must, that he did not give the notice required by § 319.025. Section 319.040 states: "If any underground facility is damaged by any person by reason of his failure to comply with the provisions of sections 319.010 through 319.050, the same shall be a rebuttable presumption of negligence on his part."

This section provides a rebuttable presumption of negligence on defendant's part which the trial court may have felt had not been overcome by his evidence. This point is denied.

■ Defendant's remaining point contends that the trial court erred in its finding on Count II because the judgment failed to reflect the negligence of plaintiff in two particulars. Whether a party is guilty of negligence is ordinarily for the trier of fact. *Jenkins v. Jordan*, 593 S.W.2d 236, 239 (Mo.App.1979). Whether plaintiff was negligent was for the trial judge to determine. His finding that plaintiff was not negligent was supported by the evidence.

The judgment is affirmed.

HOGAN and TITUS, JJ., concur.

CROW, P.J., and FLANIGAN and MAUS, JJ., recused.