**James Randal DORRELL, Appellant,**

v.

**The DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

**No. WD 37921.**

Missouri Court of Appeals,
Western District.

Oct. 7, 1986.

James J. Wheeler, Keytesville, for appellant.

John E. Casey, Linn County Pros. Atty., Brookfield, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

PER CURIAM: ·

Dorrell appeals from a judgment affirming the revocation of his driver's license for one year pursuant to § 577.041.1, RSMo Supp. 1984, for refusal to submit to a breathalyzer test. His claim is that he did not refuse the test and that he was not allowed to consult his attorney after making such a request, disposes of the case.

Dorrell was stopped for erratic driving in Marceline, Linn County, and was found to exhibit obvious signs of intoxication. Field

sobriety tests were administered and Dorrell's unsatisfactory performance resulted in his arrest for driving while intoxicated. He was then taken to the police station, arriving there within approximately ten minutes.

At the station, the arresting officer started the "necessary paperwork" and Dorrell was informed of his rights. Officer Bendure, the breathalyzer operator, was called to the scene immediately upon Dorrell's arrival at the station and at that time the breathalyzer machine was turned on to allow it to warm up. When Officer Bendure reached the station, in some five to twenty minutes, the arresting officer was still filling out the paperwork.

Officer Bendure completed the procedures incident to administering a breathalyzer test and asked Dorrell to take the test. Dorrell responded that he wanted to call a lawyer and have him present before he took the test. He was advised that if he refused to take the breathalyzer test his license was subject to an automatic revocation of one year and he was told that he could call an attorney after he took the test and/or after the paperwork was finished.

It is at this point the facts get totally muddled. To quote from the prosecutor's brief, "It is true that testimony of the various witnesses about a phone call is contradictory and that the testimony between the officers and appellant cannot be totally reconciled...." This statement may be taken one step further—the three policemen who testified could not agree as to just *when,* after he got to the station, Dorrell first asked, or made a continued request to consult his attorney.

A stalemate developed with Dorrell insisting that he wanted to call his lawyer before taking the test and the officers insisting that he take the test before making the call. Consequently, a refusal was declared and Officer Bendure, the only officer qualified to administer a breathalyzer test, left the station. The arresting officer subsequently completed the paperwork, including documentation of the refusal, and then, for the first time, gave Dorrell the opportunity to telephone his attorney. Dorrell declined to make the call at that time because, as he explained at trial, the refusal had already been declared and the call would have no longer been of benefit to him. Dorrell stated at that time he needed to use his call to arrange for bail.

The three officer's testified, albeit grudgingly, that Dorrell was not given the opportunity to use the telephone before a refusal was declared and that after he was given the opportunity to call his attorney there would have been no opportunity to take the test because the only qualified operator had left. Dorrell testified upon getting to the station he asked to call his attorney and was denied, as were his subsequent requests. The testimony of the police, as mentioned earlier was, uncertain as to the chronology, but was to the effect Dorrell was not allowed a call until after the refusal was written up.

There was also testimony concerning the fact that Dorrell had something (identified as a cigarette or cigarette tobacco by the officers and as paper by Dorrell) in his mouth after he had been instructed to keep his mouth clear. Although when asked he first denied having anything in his mouth, he later spit the foreign substance out when asked to do so by Officer Bendure. That incident occurred prior to the officer's second and third requests that Dorrell submit to the test, thus indicating that it was not the basis for the subsequent declaration of refusal.

Dorrell challenges the revocation on the ground that his attempt to exercise his right to counsel was improperly characterized as a refusal. Specifically, he claims, that he was unreasonably denied the right to make a telephone call prior to submitting to the breathalyzer test. His point is well taken based on Missouri case law.

In *Spradling v. Deimeke,* 528 S.W.2d 759, 763 (Mo.1975), the supreme court noted, citing with approval this court's opinion in *Gooch v. Spradling,* 523 S.W.2d 861 (Mo.App.1975), that a person arrested for any offense, including driving while intoxicated, and held in custody has the right to

consult with counsel or other persons in his behalf. The court determined that although such right was not guaranteed by the constitution, it was assured by § 544.-170, RSMo 1969, Rules 37.89 and 21.14 (now, § 544.170 RSMo 1978 and Rule 21.11, 22.06, and 31.01). *Deimeke, supra,* at 763–64. The court further noted that the arresting authorities were not entitled to prevent the arrestee from consulting with counsel or some other person and that the right to consult was not suspended pending the giving of a breathalyzer test. *Id. Deimeke* held the accused there was afforded a reasonable time to contact counsel and to benefit from advice as to whether or not he should take the test. *Id.* at 765. The court further noted the driver had no right to refuse the test, and avoid the one year suspension, on the basis of not having an attorney *present* when the test was administered. "This is so because he was not entitled to delay the test until his attorney arrived nor to condition his taking the test in the presence of an attorney." *Id.*

Here, despite Dorrell's continued attempts to invoke this right, he was given no meaningful opportunity to consult with his lawyer. *Gooch v. Spradling supra,* at 866. When he was finally offered a chance to use the phone, it was too late to obtain useful advice regarding the breathalyzer test in that the possibility of taking the test after consultation with counsel was foreclosed by the fact that the only person qualified to administer the test had left the station after declaring a refusal based on Dorrell's insistence that he wanted to talk to his attorney before taking the test. Under the facts of this case, the revocation may not stand. The eastern district noted in *State v. Ikerman,* 698 S.W.2d 902, 907 (Mo. App.1985), that our statutes and rules allow an arrested person, such as here, to have the right to consult with counsel without prevention from the police. The court referred to a "limited right to the defendant to consult with counsel," despite the fact no constitutional right to assistance of counsel existed. *Id.* at 907. The *Ikerman* opinion then went on to state the officers continued to ask for a sample, "ignoring

defendants inquires about an attorney." *Id.* Finally the *Ikerman* court factually distinguished *Curry v. Goldberg,* 614 S.W.2d 318 (Mo.App.1981). In *Curry,* the driver was specifically advised by the officer he could use a phone to call his attorney, but declined the offer. *Id.* at 319.

For the failure of the police to allow Dorrell to contact his attorney after he requested to do so and then declaring him to have refused the test did not make that refusal unequivocal. *Gooch v. Spradling, supra,* at 867.

The judgment is reversed for failure to correctly apply the law and the case remanded with directions to enter a new judgment setting aside the director's revocation order.