John McMURRAY, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 58160.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1990.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for appellant.

Michael B. Gross, Michael B. Marker, Law Office of Michael A. Gross, Michael B. Gross & Michael B. Marker, St. Louis, for respondent.

KAROHL, Judge.

Director of Revenue appeals from an order of the trial court directing him to reinstate petitioner's driver's license. The license was revoked for one year because petitioner, John McMurray refused a breathalyzer test. Section 577.020 RSMo 1986. The court found that petitioner did not refuse to submit to a breathalyzer test within the meaning of § 577.041 RSMo Cum.Supp.1989. We affirm.

At 6:30 p.m. on November 19, 1979, McMurray lost control of his automobile and drove into a ditch along Highway 270 in St. Louis County, approximately one mile from his home. His attorney and friend, Joanne Martin, was a passenger. After the accident, Martin walked to McMurray's home in order to get her own car. She returned to the scene of the accident within ten to fifteen minutes. McMurray understood that Martin would return immediately.

Police came to the scene before Martin returned. An officer took McMurray to the station to administer a breathalyzer test while another officer remained at the scene. Martin was informed McMurray was at the police station. When Martin arrived at the station, she asked to speak with McMurray, stating she was his attorney. She was told to wait. A few minutes later she again asked, and again was told to wait. Martin was at the station thirty minutes when she tried a third time to speak with McMurray. The police continued to refuse her request.

McMurray was informed of his rights, he admitted drinking and asked to speak with Martin. He testified that he was sure he told the police Martin was "my attorney." The trial court was free to believe he did. The officer asked McMurray to take the test three times; he refused all three. McMurray was allowed to see Martin only after he refused to take the test. Upon conferring with Martin, he immediately requested an opportunity to take a breathalyzer test. The attending officer declined to administer the test, claiming he already refused.

The Director subsequently notified McMurray of his intent to revoke his driver's license pursuant to § 577.041 RSMo Cum.Supp.1989. McMurray filed a petition for review. The trial court granted relief and ordered Director not to revoke McMurray's license. It is from this order that Director now appeals.

Director challenges the sufficiency of the evidence supporting the trial court's ruling. He claims McMurray did not ask to speak with an attorney before he refused to take the breathalyzer test. Therefore, his right to consult with counsel was not violated and he refused to "submit" within the meaning of § 577.041.

In a court tried case, we affirm the trial court's decision unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). When, as here, the trial court makes no specific findings of fact, all factual issues are deemed to be found in accordance with the result reached. *Morrison v. Jack Simpson Contractor, Inc.*, 748 S.W.2d 716, 718 (Mo.App. 1988). We accept as true all evidence and inferences favorable to the prevailing party and disregard any contrary testimony. *Id.*

An arrested person has a statutory right to consult with counsel or some other person on his behalf and authorities can not prevent an arrestee from doing so.

*Spralding v. Deimeke*, 528 S.W.2d 759, 764 (Mo.1975). *See* § 544.170 RSMo 1986; Rule 31.01. However, in a driving while intoxicated case a breathalyzer test must be administered within a limited time or the test will not be valid. Thus, in such cases it is sufficient that an arrestee is given a reasonable opportunity to consult counsel or anyone else he wishes to speak with on his behalf. *Kilpatrick v. Director of Revenue*, 756 S.W.2d 214, 216 (Mo.App.1988).

Applying these principles, we find evidence to support a finding of fact that McMurray requested an opportunity to speak with available counsel and he was not given a reasonable opportunity to consult with Martin before he refused to submit to the breathalyzer test. The facts of this case are not such that allowing him the opportunity to confer with Martin would hinder the validity of the test. Rather, there was evidence to support a finding prompt consultation would have led to his consent. Both McMurray and Martin were present at the police station where the test was to be given. He asked to speak with Martin, his attorney, before the police recorded his refusal. Furthermore, Martin identified herself as McMurray's attorney and requested to see him three times. The police were aware of Martin's presence at the station thirty minutes before allowing her to consult with her client. As soon as they were allowed to confer, McMurray requested that the test be administered.

The trial court heard no evidence to explain why McMurray was isolated from his attorney or any other person of his choosing. Both sought a meeting. Accordingly, we hold there was evidence to support a finding McMurray's right to counsel was violated. *See Spralding v. Deimeke*, 528 S.W.2d at 763. He had no constitutional right to have Martin present when the test was administered, but he had a statutory right not to be isolated from counsel. *Id.* Therefore, his "refusal" pending consultation with immediately available and excluded counsel was not a "refusal" of a properly requested breathalyzer test within the meaning of § 577.041. "An officer's request must comply with § 564.444 RSMo 1969, [now § 577.041 RSMo Cum.Supp.1989] in order for the refusal to constitute a valid basis for the one-year revocation of an operator's license." *Id.* at 766.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.