Randy ALBRECHT, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. 61131.

Missouri Court of Appeals,
Eastern District,
Division One.

July 7, 1992.

Stephen R. Fleddermann, St. Charles, for appellant.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Dept. of Revenue, Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Randy Albrecht, appeals from an order of the Circuit Court of the County of St. Charles denying his request to set aside the revocation of his driving privileges. We reverse.

At approximately 1:15 a.m. on January 22, 1991, appellant was pulled over by Maryland Heights Police Officer Jeffrey Dillalo in the County of St. Louis. Upon observing appellant's "uncertain" balance and noticing a strong smell of alcohol emanating from him, Officer Dillalo advised appellant of his *Miranda* rights and Missouri's Implied Consent Law, and requested appellant undergo a series of field sobriety tests.

After appellant agreed at the scene to submit to a breath analysis test, he was taken into custody and transported to the Maryland Heights Police Department. He was again advised of his *Miranda* rights, at which time he refused to answer any questions and requested an attorney. This request for counsel occurred at approximately 1:40 a.m. However, Officer Dillalo continued the booking process. Approximately one-half hour later, appellant was apprised of the rules regarding the breathalyzer test and was asked to take the test. He again requested an attorney. No opportunity to contact a lawyer was provided at that time and Officer Dillalo concluded booking appellant and indicated on the arrest report that appellant refused the breath test. Appellant was only allowed access to a phone to call an attorney upon completion of this process, which the officer testified required either submission to or refusal of the breathalyzer test. Here, the booking was deemed complete upon Officer Dillalo's indication that appellant refused the test. Appellant was simultaneously released from custody and provided an opportunity to contact an attorney.

Pursuant to R.S.Mo. § 577.041,[1] appellant's Missouri driver's license was revoked. Appellant then filed a petition for review in the Circuit Court of St. Charles County, Associate Division. The cause was called on November 8, 1991, at which time the trial court upheld the revocation of appellant's driver's license. This appeal followed.

The only point raised on appeal is in regard to the arresting officer's refusal to allow appellant to contact an attorney prior to his deciding whether to take the breath analysis test. Missouri courts have held that an arrested person has no constitutional right to speak with an attorney prior to deciding whether or not to submit to a breathalyzer test. *Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo.1975).[2] Additionally, there is no constitutional or statutory right for such person to have an attorney present at the time of the test or to condition his consent to take the test on his attorney being present. *Id.* at 765. However, under Missouri rules and statutes, a defendant does have a limited right to confer with counsel despite the fact no constitutional right to assistance of counsel exists. *Kilpatrick v. Director of Revenue*, 756 S.W.2d 214, 216 (Mo.App., E.D.1988). During oral arguments before this court, attorney for respondent admitted this point and agreed appellant had a limited right to contact an attorney before submitting to a breathalyzer test. On facts very similar to those in the present case, the Western District reversed a driver's license revocation where the appellant requested and was refused the opportunity to call his lawyer before taking the breathalyzer test. *Dorrell v. Director of Revenue, State of Mo.*, 717 S.W.2d 559, 561 (Mo.App., W.D.1986). In *Dorrell*, upon appellant's insistence on calling his attorney before submitting to the breathalyzer, a refusal was declared, and the only officer able to administer the test left the station. *Id.* at 560. The *Dorrell* court held the failure of the police to allow appellant to call his attorney after he asked to do so, and the indication that appellant refused the test, did not make the refusal unequivocal. *Id.* at 561.

---

1. R.S.Mo. § 577.041 provides "Director shall revoke the license of a person refusing to take the test for a period of one year."

2. However, appellant in *Spradling* was allowed to contact his attorney and obtain advice as to whether or not he should take the breathalyzer test.

Here, as in *Dorrell,* appellant was arrested and requested contact with an attorney before a breathalyzer test was given. Therefore, he should have been provided a reasonable opportunity to make such contact.

Based on the foregoing, where an individual requests and is denied reasonable opportunity to contact an attorney before deciding whether or not to submit to a breathalyzer, revocation is not unequivocal and cannot be upheld. The judgment of the trial court is reversed.

REINHARD, P.J., and CRANE, J., concur.