**Daryl A. BLANCHARD,**
**Petitioner/Appellant,**

v.

**DIRECTOR OF REVENUE, State**
**of Missouri, Respondent.**

No. 61614.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 12, 1993.

Jeffrey K. Rath, Rothman, Sokol, Adler & Sarachan, P.C., St. Louis, for petitioner/appellant.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Petitioner, Daryl A. Blanchard, appeals from an order of the trial court denying his petition to review the revocation of his driver's license pursuant to § 577.041 RSMo 1986. We affirm.

At approximately 10:00 p.m. on June 14, 1991, Sergeant William Miederhoff of the St. Louis County Police Department observed a vehicle, operating without headlights or taillights, cross Highway 67 against the red stoplight. Miederhoff stopped the vehicle in the driveway of an apartment complex on Whitehall Manor approximately one block west of Highway 67. Miederhoff asked petitioner for his driver's license and called for another officer, Gary Brooks.

Upon his arrival at the scene, Brooks detected an odor of intoxicants and asked petitioner to step out of the car to perform several field sobriety tests. Petitioner nearly fell upon exiting the car and was unable to successfully complete the "heel-to-toe walk" or "one-leg stand." Petitioner was arrested for driving while intoxicated,

read his *Miranda*[1] rights, and advised of his rights under Missouri's implied consent law, § 577.020 RSMo 1986. Brooks asked petitioner if he would submit to a breathalyzer test, and petitioner "never really would state" his decision; accordingly, Brooks noted on an Alcohol Influence Report that petitioner would take the test.

Petitioner was transported to the St. Louis County Jail, where an intake officer again advised him of his implied consent rights. When asked whether he would submit to a breathalyzer test, petitioner stated he would not. According to petitioner, he then immediately agreed to submit to the test after observing the officers' reaction to his initial refusal. No breathalyzer test was administered.

On June 28, 1991, the Department of Revenue advised petitioner it would revoke his license pursuant to § 577.041 RSMo 1986. Petitioner filed a petition for review of the revocation in the circuit court, which was denied after hearing. Petitioner appeals, alleging the trial court erroneously applied the law to the facts of the case or found in favor of respondent against the weight of the evidence.

■ When the trial court makes no specific findings of fact, as here, we deem all factual issues to be found in accordance with the result reached. *McMurray v. Director of Revenue*, 800 S.W.2d 820, 821 (Mo.App.1990). Further, we accept as true all evidence and inferences favorable to the prevailing party, disregarding all contrary testimony. *Id.* We will affirm the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ On appeal, petitioner contends his initial refusal to submit to the breathalyzer test was "negated" by his immediate consent thereafter. On this point, we note that neither the state nor petitioner's attorney elicited testimony from Officer Brooks with respect to whether petitioner did in fact agree to take the breathalyzer test

after he initially refused. The only evidence of the subsequent consent was petitioner's testimony, which was inconsistent at many points. The state's evidence was that petitioner refused to submit to a breathalyzer test. Because the trial court made no specific factual findings, it is unclear whether the court denied the petition because it found petitioner's testimony incredible or because it found petitioner had refused the test within the meaning of § 577.041 even if he did agree to submit under the circumstances he described. Regardless, substantial evidence supports the trial court's ruling.

■ Section 577.041 RSMo 1986 provides that if an arrestee makes an informed refusal to submit to a chemical test, "then none shall be given." Accordingly, an officer is without authority to administer the test once it is refused. Moreover, "[o]nce it has been properly determined that a driver has refused to submit to a given chemical test, the driver's subsequent request or offer, at a later time, to submit to the same or another chemical test does not alter his [or her] earlier refusal and has no bearing on the revocation of his [or her] license." *Turner v. Director of Revenue*, 829 S.W.2d 671, 673 (Mo.App.1992), *citing Dudenhoeffer v. Director of Revenue*, 780 S.W.2d 701, 703 (Mo.App.1989).

This is not a case in which the driver's actions were deemed a refusal after the driver appeared indecisive or attempted to seek advice concerning whether to submit to the test. Rather, petitioner clearly and unequivocally stated he would not take the test. Just as an officer is entitled to take a refusal at face value without being required to determine the arrestee's mental capacity to make the decision, *Cartwright v. Director of Revenue*, 824 S.W.2d 38, 41 (Mo.App.1991), an officer should not be required to determine whether a driver actually means "no" when he or she refuses to submit to the breathalyzer. Subsequent conduct indicating an agreement to submit is irrelevant even in a case such as this, where petitioner asserts he had an "imme-

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

diate change of heart" with respect to his refusal.

The judgment of the trial court is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. Accordingly, we affirm.

REINHARD and CRIST, JJ., concur.