**William Bruce CLARDY, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 49768.**

Missouri Court of Appeals,
Western District.

Feb. 21, 1995.

John R. Campbell Jr., Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

Before FENNER, C.J., P.J., and KENNEDY and BERREY, JJ.

BERREY, Judge.

Appellant appeals the denial of a permanent injunction enjoining respondent from revoking appellant's driving privileges. We note that the record is very sparse.

Quinn Lewis, a trooper with the Missouri State Highway Patrol, observed appellant operating a blue Jaguar at approximately 2:30 a.m. on March 5, 1994. Appellant stipulated that at the time he was stopped, Lewis had reasonable grounds to believe appellant was driving while intoxicated.

Lewis transported appellant to the Cole County jail where Lewis intended to take a sample of his breath for blood alcohol purposes. Lewis explained to appellant that he was under arrest and also explained the Implied Consent law of Missouri to appellant.

Lewis informed appellant that if he refused the breath test the Director of Revenue would revoke his license for one year. At approximately 3:10 a.m. appellant requested he be permitted to call his attorney. Lewis informed appellant he had twenty minutes to contact the attorney and allowed appellant to make the phone call. Appellant, Lewis and two deputy sheriffs were in a room approximately 15 × 20 feet. Appellant reached his attorney by phone and was whispering to him. His attorney, being hearing impaired, was unable to clearly hear what appellant was saying. The appellant requested privacy, that the officers move away from him so that they could not hear his conversation. This they did not do. At this time, the two deputies were within arms reach of the appellant and Lewis testified appellant spoke with his attorney for nine minutes. Lewis spoke briefly to the attorney informing him that "we needed to get the proceedings underway without any further delay, if possible."

Appellant concluded his call and Lewis asked him if he would take the test. Appellant informed Lewis he would take the test if Lewis would wait for his lawyer or an impartial witness to arrive. Lewis stated, "I informed him that he did not have the privilege of having someone present when the test was being administered, and that if he wished to take the test, now was the time to take it." Lewis interpreted appellant's request as a refusal and filled out DOR form 4323. Appellant did not take the test. Though asked to sign the form, appellant refused to do so.

Appellant's sole point on appeal is that the trial court erred in denying appellant's request for a permanent injunction enjoining respondent from revoking his driving privilege because appellant was effectively denied his right to counsel under Missouri law.

■ We review the decision of a court-tried case pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will sustain the trial court unless it erroneously declares or applies the law or unless there is no evidence to support it, or it is against the weight of the evidence. *Id.* The record, though quite sparse, supports the following analysis.

■ Appellant cites *Spradling v. Deimeke*, 528 S.W.2d 759, 764 (Mo.1975) as supportive. It is not. Appellant contends that because the officers did not move away from him while he was on the phone to his attorney, he

was effectively denied his right to a meaningful consultation with his attorney. *Spradling* holds that the appellant's statement that he would take the test if his lawyer or an independent third party witnessed was present constituted a refusal. "This is so because he was not entitled to delay the test until his attorney arrived nor to condition his taking the test on the presence of an attorney." *Spradling*, 528 S.W.2d at 765. Our courts have held that an appellant has a limited right to contact an attorney before submitting to a breathalyzer test. *Albrecht v. Director of Revenue*, 833 S.W.2d 40 (Mo.App. 1992). In *Albrecht* after the defendant was transported to the police station he requested an attorney. His request was denied and the police officer continued the booking process. Approximately one-half hour later, the defendant was apprised of the rules regarding the breathalyzer test and was asked to take the test. Defendant again requested an attorney. No opportunity to contact a lawyer was provided. The police officer indicated on the arrest report that defendant refused the breath test. The Eastern District held that the defendant was, after requesting an attorney, entitled to a reasonable opportunity to contact his attorney before deciding whether to submit to the breathalyzer test. *Albrecht*, 833 S.W.2d at 42.

Appellant also alleges that he is benefitted by *McMurray v. Director of Revenue*, 800 S.W.2d 820, 822 (Mo.App.1990). Briefly, the facts in *McMurray* are as follows. McMurray and his lawyer were in a vehicle being operated by McMurray. He lost control of the vehicle and it went into a ditch. His attorney Joanne Martin left the scene and walked to McMurray's house and retrieved her car. She then drove to the scene. In the interim, McMurray was transported to the police station and was offered the breathalyzer. His attorney arrived at the station and upon inquiring for McMurray was told to wait, she inquired a second time and was told to wait. After she had been at the station for thirty minutes she tried again to speak to Mr. McMurray. The police continued to refuse her request. McMurray told the police he wanted to speak with Martin that she was his attorney. He was offered the test three times and refused all three. After his final

refusal, he was allowed to see Martin. He then immediately requested he have the opportunity to take the test. This request was denied. The Eastern District held that the defendant's license could not be revoked as he had been denied the opportunity to consult with his attorney who was at the police station. *Id.*

In the instant case, the appellant was permitted a phone call to his attorney which was approximately ten minutes in duration. He then refused to take the test unless his attorney or an independent third party witness was present. Thus we note the facts in the instant case are decidedly different than in *Albrecht* and *McMurray*.

We accept as true all evidence and inferences favorable to the prevailing party and disregard any contrary evidence. *Morrison v. Jack Simpson Contractor, Inc.*, 748 S.W.2d 716, 718 (Mo.App.1988). Though the Director denied Mr. McMurray's version, the trial court was free to believe it.

In the instant case, appellant did confer with his attorney. There is no evidence that his conversation was overheard though the room was small. It is essential that officers observe appellant at all times to insure that no material is ingested, or that he does anything which might alter a breathalyzer test. This observation must be for at least fifteen minutes before the subject takes the breathalyzer test. 19 CSR 20–30.060(9) (1994).

There is no Missouri case specifically on point. Respondent cites *City of Mandan v. Jewett*, 517 N.W.2d 640 (N.D.1994) as being instructive. In *Jewett*, the officers were in the same room as the accused and testified they heard his end of the conversation. This alone was held not sufficient to conclude accused's statutory right to counsel had been violated. The court in *Jewett* applied a balancing test which involved the accused's right to counsel privately with his attorney and "society's strong interest" in securing evidence.

During the breathalyzer pre test and test the police must continually observe the accused to insure he does nothing to interfere with the integrity and quality of the test. Regardless of the type of breathalyzer used

the accused must be observed for fifteen minutes prior to taking the test. This observation may be done by the breathalyzer operator, the arresting officer or any other competent witness. 19 CSR 20–30.060(9) (1994). Clearly the officers were required to keep the suspect under observation.

We will not second guess the officer's position within the holding area. Perhaps the officers might have moved back from appellant while he was on the phone, however, their failure to do so under all the circumstances did not effectively deprive appellant of his right to counsel.

Affirmed.

All concur.