Adam F. **CORTNER**, Respondent,

v.

**DIRECTOR OF REVENUE**, State of Missouri, Appellant.

No. ED 99145.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 3, 2013.

Rachel M. Jones, Jefferson City, MO., for appellant.

John Bouhasin, St. Louis, MO., for respondent.

Before MARY K. HOFF, P.J., KURT S. ODENWALD, J., and ANGELA T. QUIGLESS, J.

ANGELA T. QUIGLESS, Judge.

## I. INTRODUCTION

The Director of Revenue (Director) appeals the judgment of the Circuit Court of St. Louis County setting aside the Director's revocation of the driving privileges of Adam F. Cortner (Cortner) and ordering reinstatement of his driving privileges. The Director argues that the trial court erred in reinstating Cortner's driving privileges because his refusal to submit to a chemical test of his breath, after Cortner asked to speak with his attorney and officers provided him with a telephone and a telephone book for twenty minutes, consti-

tuted a refusal under section 577.041. We reverse the judgment and remand the case to the trial court with the instruction to enter a judgment affirming the Director's revocation of Cortner's driving privileges.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The parties agree that the relevant facts are not in dispute. On April 24, 2011, Officer Justin Jones of the St. Louis County Police Department arrested Cortner for driving while intoxicated. Officer Jones asked Cortner to submit to a chemical test of his breath. Cortner agreed to take the test.

Officer Jones transported Cortner to "intake" at the St. Louis County Justice Center in Clayton. After their arrival, Officer Jones learned that no qualified operator was available there to administer the breath test. Officer Jones contacted Officer David Pouk of the Brentwood Police Department, who confirmed that he was available to administer the test. Officer Jones transported Cortner to the Brentwood police station.

At the Brentwood station, the officers asked Cortner to submit to a breath test. Cortner requested to speak to his lawyer. The officers provided Cortner with a telephone and a telephone book. Cortner advised the officers that the telephone book did not list his lawyer's number. Cortner stated that he needed his cell phone, in which his attorney's phone numbers were stored, or his wallet, which contained his attorney's business card. The officers informed Cortner that they could not give him his cell phone and wallet because those items were at the station in Clayton. Cortner insisted that he needed his cell phone or his wallet to contact his lawyer. Cortner chose not to use the police station telephone to attempt to contact an attor-

ney. After twenty minutes passed, Cortner refused to take the breath test.

The Director revoked Cortner's driving privileges for one year based on his refusal to submit to a chemical test of his breath. Cortner filed a petition in the Circuit Court of St. Louis County seeking review of the revocation pursuant to section 577.041. Cortner alleged, among other things, that he did not refuse to take a chemical test of his breath.

After a hearing, the Commissioner determined that Cortner did not refuse to submit to a chemical test of his breath. The Commissioner found that the police effectively hindered Cortner's ability to contact an attorney by moving him to another municipality without his phone or wallet. Accordingly, the Commissioner set aside the Director's revocation and ordered the Director to reinstate Cortner's driving privileges.

The trial court adopted the Commissioner's findings and recommendations as the judgment of the trial court. The Director appeals.

### III. STANDARD OF REVIEW

■ Our review of a judgment reinstating driving privileges is, as in all court-tried civil cases, governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *White v. Dir. of Revenue*, 321 S.W.3d 298, 307–08 (Mo. banc 2010); *Coble v. Dir. of Revenue*, 323 S.W.3d 74, 77 (Mo.App.S.D. 2010). Accordingly, this court will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d at 32.

■ The nature of our review is directed by whether the particular issue is a question of fact or law. *White*, 321 S.W.3d at 308. When the facts relevant to an issue are uncontested, then the issue is legal. *Id.* Evidence is uncontested in a court-tried civil case when "a party has admitted in its pleadings, by counsel, or through the party's individual testimony the basic facts of [the] other party's case." *Id.* (quotation omitted). Here, the parties agree that the facts relevant to the issue on appeal are not in dispute, and therefore the issue on appeal is a question of law.

■ "This Court applies *de novo* review to questions of law decided in court-tried cases." *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012). "With respect to such questions, the appellate court reviews the trial court's determination independently, without deference to that court's conclusions." *Id.* at 43–44 (quotation omitted).

### IV. DISCUSSION

In his sole point on appeal, the Director argues that the trial court's judgment was unsupported by any evidence and that the trial court erred as a matter of law in reinstating Cortner's driving privileges on the ground that the police effectively hindered him from contacting an attorney. Specifically, the Director maintains that the officers complied with section 577.041.1 by providing Cortner with a telephone and a telephone book for twenty minutes after he asked to speak with his attorney. In response, Cortner asserts that the officers hindered his ability to contact counsel by failing to provide him with his attorney's telephone numbers stored in his mobile phone and wallet when Cortner informed them that the telephone book did not list his attorney's number.

In trial court proceedings for review of a driver's license revocation pursuant to section 577.041, the trial court's inquiry is limited to determining: (1) whether the driver was arrested or stopped; (2) whether the officer had reasonable grounds to

believe the driver was driving while in an intoxicated or drugged condition; and (3) whether the driver refused to submit to a chemical test. Mo.Rev.Stat. § 577.041.4.[1] "If the court determines any issue not to be in the affirmative, the court shall order the director to reinstate the license or permit to drive." Mo.Rev.Stat. § 577.041.5. In the instant case, the Director and Cortner agree that the sole issue on appeal is whether the trial court properly determined that Cortner did not refuse to submit to a chemical test of his breath.

Under section 577.020, which is part of Missouri's implied consent law, a motor vehicle operator is deemed to have consented to a chemical test of the person's breath to determine the alcohol content of the person's blood under certain circumstances. Mo.Rev.Stat. § 577.020.1; *Ross v. Dir. of Revenue*, 311 S.W.3d 732, 734 (Mo. banc 2010). A driver's consent to a breath test is implied "[i]f the person is arrested for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while in an intoxicated or drugged condition." Mo.Rev.Stat. § 577.020.1(1).

A driver may withdraw his implied consent by refusing to submit to chemical testing when an officer requests it. Mo. Rev.Stat. § 577.041; *Riley v. Dir. of Revenue*, 378 S.W.3d 432, 438 (Mo.App.W.D. 2012). However, provided certain statutory requirements are met, a driver's refusal results in revocation of his driver's license. Mo.Rev.Stat. § 577.041.1–.3.

 A driver has no constitutional right to speak with an attorney before deciding whether to submit to a chemical test, but Missouri's implied consent law provides a limited statutory right to seek a lawyer's advice. *Riley*, 378 S.W.3d at 437. Specifically, section 577.041 provides: "If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney." Mo.Rev.Stat. § 577.041.1. "If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal." *Id.* "The right to counsel under section 577.041.1 is qualified and conditional in that the driver is entitled to only twenty minutes to attempt to contact and speak to a lawyer and an adverse consequence results for failing to submit to chemical testing after the twenty minutes has expired." *Riley*, 378 S.W.3d at 438 (quotation omitted).

 "The purpose of section 577.041.1 is to provide the driver with a reasonable opportunity to contact an attorney to make an informed decision as to whether to submit to a chemical test." *Norris v. Dir. of Revenue*, 304 S.W.3d 724, 726–27 (Mo. banc 2010). "The objective of § 557.041.1 is satisfied *if the driver is given the opportunity to attempt to contact an attorney* and the twenty-minute statutory period expires without contact being made or the driver abandons the attempt." *Riley*, 378 S.W.3d at 439 (quotation omitted). "Thus, there is no constitutional *or statutory* right to actually speak to an attorney, only that twenty minutes be granted to attempt to contact an attorney." *Christensen v. Dir. of Revenue*, 128 S.W.3d 171, 175 (Mo.App.S.D.2004). Moreover, "[t]he statute provides for the opportunity to attempt to contact 'an' attorney, not necessarily a particular attorney." *Witeka v. Dir. of Revenue*, 913 S.W.2d 438, 440 (Mo.App.E.D.1996).

---

1. All statutory references are to RSMo (Supp. 2010).

Here, Cortner initially consented to take a breath test. Officer Jones transported Cortner to the Brentwood police station because no qualified operator was available to administer the test at the St. Louis County Justice Center in Clayton. When the officers asked Cortner to submit to a breath test at the Brentwood station, Cortner requested to speak to his lawyer. The officers provided Cortner with a telephone book and a telephone and allowed him twenty minutes to call an attorney. Cortner insisted that he needed his cell phone or wallet to contact his lawyer and chose not to use the police station telephone to attempt to contact an attorney. After twenty minutes passed, Cortner refused to take the breath test. Thus, the officers provided Cortner with a reasonable opportunity to attempt to contact "an" attorney, and Cortner's refusal to submit to the test after twenty minutes constituted a refusal under section 577.041. *See Christensen*, 128 S.W.3d at 175–76 (driver had a reasonable opportunity to contact an attorney where officer gave driver a telephone book and allowed him twenty minutes to call a lawyer but driver did not attempt to do so). The fact that Cortner did not have access to *his* attorney's telephone number does not assist him, because the limited right to seek a lawyer's advice under section 577.041 does not provide an opportunity to contact a particular attorney. *See Witeka*, 913 S.W.2d at 440.

Cortner argues that the officers hindered his ability to contact counsel by failing to request that someone at the station in Clayton either access the contacts on Cortner's mobile phone, retrieve his counsel's business card from his wallet, or deliver the phone and wallet to the Brentwood station. To support his argument, Cortner relies on *McMurray v. Director of Revenue*, 800 S.W.2d 820 (Mo.App.E.D. 1990). *McMurray* is distinguishable. There, the driver's attorney was present at the police station when officers asked the driver to submit to a breath test. 800 S.W.2d at 821. The attorney identified herself as the driver's counsel and asked to speak with the driver three times, but officers denied her request each time. *Id.* The driver also asked to speak with his attorney, but officers only permitted him to do so after he refused to take the breath test. *Id.* The court held that the officers did not give the driver a reasonable opportunity to consult with counsel before he refused to submit to the test. *Id.* at 822. Here, by contrast, there was no evidence that police isolated Cortner from an attorney who was immediately available for consultation as in *McMurray*. We therefore conclude that the trial court erroneously applied the law in determining that Cortner did not refuse to submit to a chemical test of his breath. Point granted.

## V. CONCLUSION

We reverse the judgment and remand the case to the trial court with the instruction to enter a judgment affirming the Director's revocation of Cortner's driving privileges.

MARY K. HOFF, P.J., and KURT S. ODENWALD, J., Concur.