

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| JOSEPH SCHNEIDER, | ) | No. ED103011 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | 1411-CC01176 |
| | ) | |
| DIRECTOR OF REVENUE, | ) | Honorable Matthew E.P. Thornhill |
| | ) | |
| Appellant. | ) | FILED:  May 10, 2016 |

<u>OPINION</u>

The Director of Revenue appeals from the judgment of the trial court reinstating the driving privileges of Joseph Schneider ("Driver"), whose license was suspended for driving while intoxicated. We reverse.

After a trial de novo pursuant to Section 302.535,[1] the trial court found that the Director had failed to meet its burden of providing sufficient credible evidence that Driver's blood alcohol content ("BAC") exceeded the legal limit of .08 percent. Crucial to the trial court's finding was its contemporaneous decision to exclude from evidence the results from an Alco Sensor IV breath analyzer showing Driver's BAC exceeded the legal limit. In the sole point on appeal, the Director assigns error to the trial court's decision to exclude the Alco Sensor IV results, a question of law we review de novo because it hinged on the trial court's interpretation of an

---

[1] Unless otherwise indicated, all other statutory references are to RSMo (2000) as supplemented.

administrative regulation. See Cortner v. Dir. of Revenue, 408 S.W.3d 789, 792 (Mo. App. E.D. 2013).

To lay a foundation for the admissibility of breath analyzer results, the Director must establish, *inter alia*, that the test was performed on equipment and devices approved by the Department of Health and Senior Services. McGough v. Dir. of Revenue, 462 S.W.3d 459, 462 (Mo. App. E.D. 2015). The breath analyzers must be calibrated using "[c]ompressed ethanol-gas standard mixtures . . . provided from approved *suppliers*." 19 CSR 25-30.051(5) (emphasis here). The regulation lists four approved suppliers, including Intoximeters, Inc.

In the instant case, the officer calibrating the Alco Sensor IV did so using a mixture procured from Intoximeters. But because the mixture was actually manufactured by Airgas Mid America, which is not an approved supplier, the trial court held that Intoximeters was not "functioning as an approved supplier under the regulations," and therefore excluded Driver's breath analyzer results.

In two analogous cases, we recently had occasion to address whether Intoximeter acts within the definition of "supplier" when a breath analyzer is calibrated with an ethanol-gas standard mixture bought from Intoximeter but manufactured by Airgas. See Gallagher v. Dir. of Revenue, --- S.W.3d ----, 2016 WL 720619 (Mo. App. E.D. 2016); Hiester v. Dir. of Revenue, --- S.W.3d ----, 2016 WL 720675 (Mo. App. E.D. 2016). We answered that question in the affirmative, looking to the plain language of "supplier" as distinct from "manufacturer." Gallagher, 2016 WL720619, at *2–3. "Intoximeters fits squarely within the plain meaning of supplier, and further proof of the origins of the gas mixture is not required." Id. at *3. All that is required is "that the gas mixture used by law enforcement to maintain the breath analyzer was provided from one of the approved suppliers listed in the regulation." Hiester, 2016 WL 720675,

at *3. As Driver acknowledged when requesting a stay of briefing in the instant appeal, Gallagher and Hiester are "dispositive of the only point" on appeal here.[2] Point granted.

We reverse the judgment of the trial court. Because the trial court made no findings on whether there was probable cause to arrest Driver, and because such probable cause is required to establish a prima facie case for the suspension of Driver's license, see McGough v. Dir. of Revenue, 462 S.W.3d at 464–65 n. 5, we remand the case for further proceedings consistent with this opinion.

_____
Mary K. Hoff, Judge

Robert G. Dowd, Jr., Presiding Judge and Roy L. Richter, Judge, concur.

_____

[2] We also note that Driver failed to submit a brief in opposition.