

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| TAYLOR L. SHOMAKER, | ) | No. ED102842 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable Matthew E.P. Thornhill |
| DIRECTOR OF REVENUE, | ) | |
| | ) | |
| Appellant. | ) | Filed: May 17, 2016 |

### Introduction

The Director of Revenue appeals the judgment of the Circuit Court of St. Charles County reinstating the driving privileges of Taylor Shomaker (Driver) whose license was suspended for driving while intoxicated. On appeal, the Director argues the trial court erred by determining that the Director failed to present sufficient evidence of compliance with 19 CSR 25-30.051. We reverse.

### Factual Background

On June 12, 2014, Officer Christopher Sinnokrak pulled over Driver for exceeding the posted speed limit. While talking with Driver, Officer Sinnokrak smelled a strong odor of alcohol emanating from Driver's breath and observed that Driver's eyes were bloodshot and glassy. Driver admitted he drank three or four beers that night at a beer tasting party. Officer

Sinnokrak conducted a field sobriety test, and Driver performed poorly. Driver then blew above .08% on a preliminary breath test and was arrested for driving while intoxicated. At the police station, Driver agreed to submit to a breath test using an Intox EC/IR II machine. The Intox EC/IR II had been calibrated on May 28, 2014 using a compressed ethanol-gas mixture supplied by Intoximeters, Inc. Driver's breath test result showed that he had a blood alcohol concentration of .106%.

The Director of Revenue suspended Driver's driving privilege. Driver filed for a trial de novo in the circuit court. At trial, Driver's counsel objected to the admission of the Intox EC/IR II breath test result because the maintenance report indicated that the calibration and maintenance check had been done using an ethanol-gas mixture supplied by Intoximeters. Driver argued that Intoximeters, though an approved supplier of ethanol-gas under 19 CSR 25-30.051(6), was not the actual supplier of the ethanol-gas mixture used to calibrate the Intox EC/IR II machine used in this case. Driver asserted that Airgas was the true manufacturer and supplier of the mixture, and that Intoximeter was merely a customer or middleman, because it bought the ethanol-gas mixture from Airgas and then sold it to law enforcement agencies. Airgas is not an approved supplier listed under 19 CSR 25-30.051(6).

The trial court sustained Driver's objection and found that the Director failed to lay a sufficient foundation for the admission of the breath test results because it failed to present sufficient credible evidence of compliance with 19 CSR 25-30.051 and thus also § 577.020.3, RSMo (2015).[1] The trial court found that it did not need to address whether the State met its burden on the issue of probable cause because there was insufficient evidence that Driver drove

---

[1] § 577.020.3 states that, "to be considered valid, chemical analysis of the person's breath, blood, saliva, or urine shall be performed, according to methods approved by the state department of health and senior services, by licensed medical personnel or by a person possessing a valid permit issued by the state department of health and senior services for this purpose."

with a blood-alcohol concentration at or above .08%.  The trial court reinstated Driver's driving privileges. This appeal follows.

## Standard of Review

In reviewing a court-tried case, this Court will uphold the judgment of the trial court unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *White v. Director of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010)(citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)).  The nature of this Court's review is directed by whether the particular issue is a question of fact or law. *Cortner v. Dir. of Revenue*, 408 S.W.3d 789, 792 (Mo. App. E.D. 2013).  Administrative rules are interpreted under the same rules of construction used in interpreting statutes. *Trumble v. Dir. of Revenue*, 985 S.W.3d 815, 819 (Mo. App. E.D. 1998). Statutory interpretation is a matter of law. *Bender v. Dir. of Revenue*, 320 S.W.3d 167, 169 (Mo. App. E.D. 2010).  This Court applies de novo review to questions of law decided in court-tried cases. *Cortner*, 408 S.W.3d at 792. With respect to such questions, we review the trial court's determination independently, without deference to the trial court's conclusions.  *Id.*

## Analysis

The Director argues that the trial court erred as a matter of law in determining that Intoximeters was not acting as an approved supplier when it sold the ethanol-gas mixture.  Driver has not filed a Respondent's brief. "While there is no penalty prescribed for the failure to file a brief, we are required to decide the case without the benefit of that party's authorities and points of view." *Slaughter v. Dir. of Revenue*, 997 S.W.2d 132, 132 (Mo. App. S.D. 1999) (quoting *Fitzgerald v. Dir. of Revenue,* 922 S.W.2d 478, 479 n. 3 (Mo. App. S.D. 1996)).

Driver filed a motion for stay of briefing[2] in which he noted that the same issue in this case was before this Court in two other cases: *Gallagher v. Dir. of Revenue*, --- S.W.3d ----, 2016 WL 720619 (Mo. App. E.D. 2016) and *Hiester v. Dir. of Revenue*, --- S.W.3d ----, 2016 WL 720675 (Mo. App. E.D. 2016). In both cases, we had the opportunity to address whether Intoximeters serves as an approved "supplier" within the meaning of 19 CSR 25-30.051, and in both cases we held that it does. In *Gallagher,* we held that "Intoximeters fits squarely within the plain meaning of supplier, and further proof of the origins of the gas mixture is not required." *Gallagher,* 2016 WL 720619 at *3. In *Hiester,* we concluded the argument that Intoximeters was merely a "distributor" to be without merit and held that Intoximeters was a supplier within the plain meaning of the word. 2016 WL 720675, at *3.

As Driver pointed out when he requested a stay of briefing in the instant appeal, *Gallagher* and *Hiester* are dispositive of the only point on appeal. Accordingly, we hold that Intoximeters is an approved supplier under 19 CSR 25-30.051. Therefore, the Director laid a proper foundation at trial for the admission of the breath sample results. Excluding those results was error. Appellant's point is granted.

---

[2] We denied Driver's motion for stay.

## Conclusion

We reverse the judgment of the trial court. Because the trial court did not make findings on whether there was probable cause to arrest Driver, and because probable cause is required to establish a prima facie case for the suspension of Driver's license, *see McGough v. Dir. Of Revenue*, 462 S.W.3d 459, 463 (Mo. App. E.D. 2015), we remand the case for further proceedings consistent with this opinion.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

5